IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL LIPFORD, | ) | |
| | ) | Case No.: 15 CV 6988 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Judge: John Robert Blakey** |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Magistrate Judge: |
| | ) | Susan Cox |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW**

NOW COME the Defendants, BAILEY (#63), (hereinafter as "Bailey"); JAHN (#754), (hereinafter as "Jahn"); and DOVIN (#872), (hereinafter as "Dovin"); (hereinafter collectively as the "Defendants"), through their attorney Anita Alvarez, through her assistants, ANNA O'CONNOR and MICHAEL J. SORICH, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move to dismiss Plaintiff's First Amended Complaint (hereinafter as "Complaint"), for failure to state a claim in which relief can be granted. In support of this motion, the Defendants state as follows:

**INTRODUCTION**

The Defendants move to dismiss Plaintiff's Complaint as it is defective in several ways. First, Defendants are entitled to sovereign, quasi-judicial and qualified immunities. Second, Plaintiff fails to properly plead Count III, (Intentional Infliction of Emotional Distress- IIED). Last, Count III is barred by the statute of limitations. The Defendants' arguments are thoroughly established below and support their motion to dismiss all claims in its entirety.

1

## STATEMENT OF FACTS

The following allegations are taken from Plaintiff's Complaint and are presumed true solely for the purposes of this motion. On March 1, 2013, Deandre Norfleet, Plaintiff's roommate, (hereinafter as "Norfleet"), was sentenced to two years of Intensive Probation following a guilty plea to a felony burglary charge. (*See* Norfleet's Certified Statement of Conviction / Disposition for Case Number: 13 CR 0347201, marked as *Exhibit A*). (*See also People of the State of Illinois v. Deandre Norfleet's* Sentencing Order marked as *Exhibit B* and *People of the State of Illinois v. Deandre Norfleet's* Specifications and Certificate of Conditions of Intensive Probation Supervision Sentence marked as *Exhibit C*, entered by Hon. Judge James Linn on March 1, 2013).[1] As a part of his mandatory intensive probation sentence, Norfleet was required to be home every evening on or before 7:00 p.m. In addition to the several conditions of the intensive probation sentence, Norfleet was to "submit to searches of his person, residence, papers, automobile and/or effects at any time such requests are made by the probation officer when there is reasonable suspicion to require it", and "consent to the use of anything seized as evidence in a court proceeding." *(See Exhibits B and C).* Also, Norfleet had to refrain from possessing a firearm or other dangerous weapons in accordance with the sentencing order. *Id*. The Probation Department typically performed a curfew check once per week, requiring a

---

[1] The court can take judicial notice of matters of public record without converting a motion to dismiss into one for summary judgment. This footnote applies to all exhibits attached herein. *See General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir.1997); *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir.1994). In addition, "documents that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to their claim." *Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir.1993); *Bledsoe v. City of Chicago*, 2000 U.S. Dist. LEXIS 1971, 2000 WL 220494, *2 (N.D.Ill.); *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d at 1081 ("The most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records."). This exception allows courts to avoid unnecessary proceedings when an undisputed fact in the public record establishes that the plaintiff cannot satisfy the Rule 12(b)(6) standard. *Id. National Industrial Chemical Co. v. Steege*, 1998 U.S. Dist. LEXIS 19591, 1998 WL 887065, *2 (N.D.Ill.). Further, a preclusion defense may be raised by a motion to dismiss. *Economy Food & Liquor Co. v. Frankfort Distillers Corp.*, 232 F.2d 410, 412 (7th Cir. 1956); *Northgate Motors, Inc. v. General Motors Corp.*, 111 F. Supp. 2d 1071, 1077 (E.D. Wis. 2000).

Probation Officer to verify that Plaintiff did not violate curfew. On June 21, 2013, a violation of probation motion was filed against Norfleet. (*See Exhibit A).*

On September 18, 2013, Defendants Bailey, Jahn and Dovin appeared at the home of Plaintiff in order to perform a curfew check per the terms of Norfleet's probation. (Dkt. 12, ¶9). (*See also Exhibits B and C).* Norfleet was not home and in violation of the conditions delineated in his Intensive Probation Program. *Id.* (*See also Exhibits B and C).* Plaintiff admitted the Defendants into the property; however, he did not consent to a search of his bedroom. (Dkt. 12, ¶10). Although in dispute, Plaintiff alleges that the door to his bedroom was closed. *Id.* The Defendants entered Plaintiff's room and found several firearms and ammunition. *Id.* at ¶12. Officers from the Chicago Police Department subsequently arrested Plaintiff. *Id.* at ¶13. On September 19, 2013, Plaintiff was placed in custody and Judge Gloria Chevere found probable cause to detain him. (*See* Plaintiff's Certified Statement of Conviction / Disposition for Case Number: 13123616901, marked as *Exhibit D*). Plaintiff was charged with three counts of Unauthorized Use of a Weapon and one count of Possession of Ammunition without a Valid License. *Id.* On September 19, 2013, a Petition for Violation of Probation was filed against Norfleet. (*See Exhibit A*). On September 23, 2014, one count of Plaintiff's charges (Unauthorized Use of a Weapon) was dismissed. (*See Exhibit D).* On September 23, 2014, Plaintiff was found not guilty of the remaining counts after a trial by jury. *Id.*

On August 10, 2015, Plaintiff filed a four count complaint against several Defendants, including the above-identified defendants, under the Civil Rights Act, 42 U.S.C. §1983, alleging that he was deprived his rights secured by the U.S. Constitution. *See Plaintiff's Complaint*, (Dkt # 12). Defendants' filed said motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted for the reasons stated below.

3

## **STANDARD OF REVIEW**

A motion to dismiss for lack of subject matter jurisdiction is considered under Fed. R. Civ. P 12(b)(1). *St. John's United Church v. City of Chicago,* 582 F.3d 616, 625 (7th Cir. 2007). This Court may properly look beyond the jurisdictional allegations of the Complaint and view whatever evidence has been submitted on the issue to determine whether subject matter jurisdiction exists. *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993).

Under Fed. R. Civ. P. 12(b)(6), a claim may be dismissed if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (*quoting Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)). In reviewing a motion to dismiss, a district court's review is limited to the four corners of the complaint. *Gomez v. Illinois State Bd. of Ed.*, 811 F.2d 1030, 1039 (7th Cir. 1987). The court should take the well-pleaded factual allegations of the complaint and view them, as well as reasonable inferences drawn from them, in the light most favorable to the Plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). It has been held that despite the express language of Fed. R. Civ. P. 12(b)(6), district courts may also take judicial notice of matters of public record without converting a 12(b)(6) motion into a motion for summary judgment. *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir.1991).

The pleading standard in Fed. R. Civ. P. 8 does not require more than detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A complaint will not

4

suffice if it tenders naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2008).

## ARGUMENT

I. **FEDERAL IMMUNITIES BAR PLAINTIFF'S CLAIMS**

    A) **SOVEREIGN IMMUNITY APPLIES TO DEFENDANTS BAILEY, JAHN AND DOVIN.**

Several of Plaintiff's claims lack this Court's jurisdiction and are subject to the exclusive jurisdiction of the Court of Claims because these claims are against the State of Illinois. Under Illinois law, claims against individual office holders are considered claims against the state, even when the officials are sued in the individual capacities. *Feldman v. Ho*, 171 F.3d 494, 498 (7th Cir. 1999). Further, under Illinois law, if the state law claim is deemed to be against the state, then it must be dismissed because the deputies would have absolute immunity, and under the Eleventh Amendment, the claim for damages against the state may not be brought in federal court. *Id*. [Probation Officers] executing orders of the court may be agents of the state for purposes of Illinois sovereign immunity. *Alencastro v. Sheahan*, 698 N.E.2d 1095, 1101 (Ill. App. Ct. 1998).

"Whether an action is in fact one against the State, and hence one that must be brought in the Court of Claims, depends not on the formal identification of the parties but rather on the issues involved and the relief sought." *Healy*, 549 N.E.2d at 1247 (Ill. 1990), *see Loman v. Freeman*, 890 N.E.2d 446, 453 (Ill. 2008). "The prohibition against making the State of Illinois a party to a suit cannot be evaded by making an action nominally against the servants or agents of the State when the real claim is against the State of Illinois itself and when the State of Illinois is the party vitally interested." *Id.* Where defendant's conduct arose out of defendant's breach of a duty imposed on him solely by virtue of his State employment, sovereign immunity bars suit

5

except in the Illinois Court of Claims. *Currie v. Lao*, 592 N.E.2d 977, 980 (Ill. 1992); *see* 705 ILCS §505/8(d).

Probation officers and probation departments are state employees and agencies appointed by and under the control of the Chief Judge of each county in Illinois. *See County of Kane v. Carlson*, 507 N.E.2d 482, 489 (Ill. 1987); *Orenic v. Illinois State Labor Relations Board*, 537 N.E.2d 784, 797 (Ill. 1989) (nonjudicial employees of a court are employees of a State agency); *Chief Judge of the Eighteenth Judicial Circuit v. Illinois State Labor Relations Board*, 726 N.E.2d 147, 151 (Ill. App. Ct. 2000) (Chief Judge is the sole employer of probation officers because it maintains significant constitutional and statutory authority and discretion over the conditions of employment of probation officers). The duties of probation officers are enumerated, including "taking charge of and watching over all persons placed on probation under such regulations and for such terms as may be prescribed by the court." <u>*See* 730 ILCS §110/12.</u>

Plaintiff named Defendants as parties to this lawsuit arising from their position as adult probation officers within the Cook County Adult Probation Department. Further, the conduct which Plaintiff attributes was breached does not exist independently of the Defendants' duties as a result of their employment as state officials, i.e., Bailey, Dovin, and Jahns' work as probation officers based exclusively on their employment by Defendant Evans, the Chief Judge of the Circuit Court of Cook County.

Plaintiff does not allege that the Defendants' conduct was specifically authorized by Defendant Evans; however, their conduct was the general kind they were authorized to perform, in motivation to serve the principal. Similarly, there are no allegations that the Defendants acted for a purpose unrelated to their employment. Assuming for purposes of this motion to dismiss

6

that the conduct alleged was willful and wanton, this still does not take the conduct outside the Defendants' scope of agency for purposes of sovereign immunity. *Rembis v. Bd. of Trustees*, 618 N.E.2d 797, 799-800 (Ill.App.Ct. 1993); *Campbell v. White*, 566 N.E.2d 47, 53-54, (Ill. App. Ct. 1991). Nothing in Plaintiff's complaint suggests that the Defendants were motivated by a means other than furthering their employment. Therefore, Defendants' acts are attributable to the state for the purposes of sovereign immunity under the Illinois State Lawsuit Immunity Act and Plaintiff's claims serve as a lawsuit against the State of Illinois and should be dismissed for lack of jurisdiction.

### B) QUASI-JUDICIAL IMMUNITY IS AFFORDED TO DEFENDANTS BAILEY, JAHN, and DOVIN.

Defendants Bailey, Jahn, and Dovin are absolutely immune from suit because they are considered quasi-judicial officials who provide probation services for the Circuit Court of Cook County. Absolute immunity applies to all non-judicial officers whose official duties have an integral relationship with the judicial process. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). Absolute immunity applies to probation officers. *See Copus v. City of Edgerton*, 151 F. 3d 646, 649-50 (7th Cir. 1998)(the court held that a probation officer is absolutely immune where the officer filed a detainer); *Spaulding v. Nielsen*, 599 F. 2d 728, 730 (7th Cir. 1979)(probation officer entitled to absolute immunity when preparing and submitting a presentence report); *see also Walrath v. United States*, 35 F.3d 277, 281 (7th Cir. 1994)(parole board members are absolutely immune from suit for their decisions to grant, deny, or revoke parole, including the decision to decline a request to conduct a secondary preliminary parole revocation hearing). Moreover, absolute immunity extends to supervisors. *Van de Kamp v. Goldstein*, 555 U.S. 355, 348-49 (2009) (holding that claims against supervisory prosecutors for

7

failure to establish adequate training, supervision, and information-sharing were barred by absolute immunity).

As stated *supra,* "the Cook County Adult Probation Department operates under the Office of the Defendant…Evans. As Chief Judge, he oversees the Adult Probation Department." (Dkt # 8, pp 5). Together, Jahn, Bailey and Dovin work as Probation Officers and all work for the Cook County Adult Probation Department, under Evans. All Defendants are required to execute Evans' order.

Plaintiff's roommate, Norfleet, received a criminal sentence which is handed down by a judge and any post-conviction sentence monitoring is clearly derivative from the actual sentence issued by the court. (*See Exhibits B and C*). Moreover, because a judge cannot possibly attend to every individual he or she may sentence, probation officers serve as an extension of the court. As such, the doctrine of absolute quasi-judicial and judicial immunity affords protection of the judicial process from being second guessed on every discretionary judicial decision as each decision could potentially affect the public in infinite unforeseen ways. Holding a probation officer liable for discretionary acts, including weekly curfew checks, would erode the doctrine of judicial immunity. In other words, there can be no set of facts that would hold a judge acting within the judicial process liable for his or her decisions regarding sentencing or enforcement. This same protection applies to the judge's judicial agents, including probation officers. As a result, the Defendants Bailey, Jahn and Dovin are entitled to quasi-judicial immunity.

### C) QUALIFIED IMMUNITY APPLIES TO DEFENDANTS BAILEY, JAHN AND DOVIN.

The doctrine of qualified immunity protects government officials from lawsuits for damages when their conduct did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818

(1982). The purpose of qualified immunity is to provide reasonable notice to government officials that certain conduct violates constitutional rights before a plaintiff can subject them to liability. *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). Government officials who deprive an individual of constitutionally protected rights while acting under the color of state law are subject to personal liability for damages. *See* 42 U.S.C. §1983. However, officials performing discretionary functions may avoid such liability by invoking the defense of qualified immunity, a powerful shield that insulates officials from suit as long as their conduct does not violate a "clearly established" constitutional right "of which a reasonable person would have known." *Harlow*, 457 U.S. at 818. *See also Elder v. Holloway*, 510 U.S. 510, 511-13 (1994); *Maltby v. Winston*, 36 F.3d 548 (7th Cir. 1994) (stating that qualified immunity "is not merely a defense to liability but an immunity from suit.") *See also Ray v. Pickett*, 734 F.2d 370, 374-75 (8th Cir. 1984) (stating that Federal Probation Officers performing their duties are entitled to qualified immunity). The plaintiff bears the burden of proof on the issue. *McGrath v. Gillis*, 44 F.3d 567, 570 (7th Cir. 1995); *Rakovich v. Wade*, 850 F.2d 1180, 1209 (7th Cir. 1988) (en banc), cert. denied, 488 U.S. 968 (1988). Accordingly, when considering a defense of qualified immunity, the Court should inquire "whether the plaintiff has asserted a violation of a constitutional right at all," *Siegert v. Gilley*, 500 U.S. 226, 232 (1991), and also whether the plaintiff has demonstrated that the applicable constitutional standards were clearly established at the time in question. *See Zorzi v. County of Putnam*, 30 F.3d 885, 892 (7th Cir. 1994) (delineating the two-part test); *Rakovich*, 850 F.2d at 1210. While the Supreme Court has acknowledged that a probationer is entitled to Fourth Amendment protection in his own home, the Court has also noted that probationers enjoy a lesser expectation of privacy than that enjoyed by free citizens. *Thompson v. Harper*, 1996 U.S. App. LEXIS 3718 at *8 (7th Cir. 1996) (citing *Griffin v. Wisconsin*, 483

U.S. 868, 872 (1987). "Probation like imprisonment is a form of criminal sanction imposed by a court upon an offender after a verdict or guilty plea. A probation system poses special needs beyond ordinary law enforcement that may justify departures from the usual warrant and probable-cause requirements." *Id*. at 874.

"Even when a cotenant is not a parolee, there is a reduced expectation of privacy simply by the presence of the other person. When the roommate is a parolee, and thereby subject to a lesser enjoyment of privacy, the reasonable expectation of privacy of a cohabitant is correspondingly diminished by the broader range of government activities permissible against the parolee who shares the living space." *Green v. Butler*, 2004 U.S. Dist. LEXIS 11720, *8, 2004 WL 1444871 (N.D. Ill. June 24, 2004) (*citing United States v. Ladell*, 127 F.3d 622, 624 (7th Cir. 1997); *U.S. v. Jones*, 152 F.3d 680, 686 (7th Cir. 1998); *Wisconsin v. West*, 185 Wis. 2d 68, 517 N.W.2d 482, 488 (Wis. 1994).). (Search of the bag of a third person's vehicle for a gym bag without consent/warrant was reasonable given the gym bag owner's status as a parolee.) *United States v. White*, 781 F.3d 858, 864 (7th Cir. 2015).

As previously stated, on March 1, 2013, Norfleet's probation was ordered by Judge James Linn. The enforcement of that probation was tasked to the individual Defendants. Pursuant to the probation agreement delineated in Judge Linn's Court order *signed by Norfleet* and Judge Linn, Norfleet agreed to "submit himself to searches of his person, residence, papers, automobile and/or effects at any time such requests are made by the probation officer when there is reasonable suspicion to require it", and "consent to the use of anything seized as evidence in a court proceeding." Also, Norfleet agreed to refrain from possessing a firearm or other dangerous weapons in accordance with said order. (*See Exhibits B and C*). Plaintiff, as Norfleet's roommate, was aware of Norfleet's status as a parolee and he has a lesser expectation of privacy

given Norfleet's prior curfew violations and the September 18, 2013 curfew violation giving rise to this cause of action.

As to the threshold inquiry, Plaintiff's *underlying* constitutional claim is that the Defendants violated his Fourth Amendment rights by arresting him without probable cause; however, the Court has already determined that the Defendant officers had probable cause, (more than reasonable suspicion), to arrest Plaintiff after seizing several guns and ammunition found in Plaintiff's residence on September 18, 2013, during a curfew check for Norfleet who was found in violation of probation. (*See Exhibits A through D*). For the sake of argument, even if there was a valid question as to whether probable cause existed, "there is ample precedent indicating that in grey areas where probable cause (or reasonable suspicion) may be questionable, the benefit falls to the law enforcement agent. *Colbert v. Willingham*, 2015 WL 3397035, * 7 (N.D. Ill. May 26, 2015) (*citing Anderson v. Creighton*, 483 U.S. 635, 641 (1987) ("It is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and ***in such cases those officials—like other officials who act in ways they reasonably believe to be lawful—should not be personally liable." *Pourghoraisi v. Flying J. Inc.*, 449 F.3d 751, 761 (7th Cir. 2006) ("[T]he doctrine of qualified immunity leaves ample room for mistaken judgments by police officers.'" (*Payne v. Pauley*, 337 F.3d 767, 776 (7th Cir. 2003))). Therefore Count I, Count II and possibly other counts are barred by the doctrine of Qualified Immunity.

11

## II. PLAINTIFF'S FAILURE TO STATE A VIABLE CLAIM

### A) Count III (Intentional Infliction of Emotional Distress - IIED) Fails as a Matter of Law as Plaintiff Fails to Plead the Elements Necessary for an IIED claim.

To state a claim of intentional infliction of emotional distress, the Plaintiff must plead, "(1) the defendants' conduct was extreme and outrageous; (2) the Plaintiff suffered severe emotional distress; and (3) the defendants knew that the severe emotional distress was certain or substantially certain to result from their conduct." *DeFour-Dowell v. Cogger*, 969 F. Supp. 1107, 1123 (N.D. Ill. 1997). To claim that the conduct was extreme and outrageous, in a Rule 12(b)(6) motion, the claim cannot be based on mere insults, indignities or annoyances. *Id.* The conduct must be so extreme that a "recitation of the facts to an average member of the community would arose his resentment against the actor and lead him to exclaim, 'outrageous!'" *Carr v. Village of Richmond*, 1996 WL 663921, *7 (N.D. Ill. 1996). Importantly, where a plaintiff has claimed intentional infliction of emotional distress resulting from an unlawful arrest, there must be more than just a lack of probable cause for the arrest to support the claim. *Id.* ("In situations involving unlawful arrests or excessive force by police officers, there must be more than just a lack of probable cause or some excessive force.").

In his Complaint, Plaintiff has failed to plead all elements necessary for an IIED claim. Nowhere in Plaintiff's Complaint does Plaintiff allege that the conduct was extreme or outrageous, that Plaintiff suffered severe emotional distress or that Defendants knew or should have known that the conduct would cause severe emotional distress. (*Dkt.* 12). The basis of Plaintiff's claims are that the Defendants arrested Plaintiff lacking probable cause and/or reasonable suspicion for the arrest; however, as reiterated throughout this motion, Plaintiff intentionally omitted the finding of probable cause regarding the seizure of a guns and

12

ammunition at his residence per Judge Linn's order on September 19, 2013. (*See Exhibit D*). Additionally, Plaintiff failed to plead specific intent on the Defendants' behalf. Failing to plead even one of the three elements undoubtedly should result in a dismissal of Count III.

### III.    STATE IMMUNITIES

#### A) Count III (Intentional Infliction of Emotional Distress - IIED) Must Be Dismissed Because it was Filed After The One-Year Statute of Limitations Expired.

Courts may rule on whether a plaintiff's lawsuit is barred by a statute of limitations in a Rule 12(b)(6) motion if "a plaintiff pleads facts that show its suit [is[ barred by a statute of limitations, [then] it may plead itself out of court…" *Haynes v. City of Chicago*, 2008 WL 1924891, *2 (N.D. Ill. 2008), citing *Whirlpool Financial Corp. v. GN Holdings, Inc*., 67 F.3d 605, 608 (7th Cir. 1995). If the complaint indicates that the time limit for plaintiff's claim has passed, then the plaintiff cannot avoid the statute of limitations. *Id*. Generally, in Illinois, a §1983 claim enjoys a two-year statute of limitation. *Id.* However, any state law claim joined with a §1983 claim is only permitted a one-year statute of limitation. *Id.* The Local Governmental and Governmental Tort Immunity Act (hereinafter "Illinois Tort Immunity Act") bars any claims against any local entity or its employees against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued. 745 ILCS §10/8-101(a).

In Plaintiff's Complaint, Count III, IIED, relates back to the date of Plaintiff's arrest and should be dismissed. With claims of intentional infliction of emotional distress, the court looks to the date of the last single, overt act to determine when the statute of limitations begins to run. *Haynes v. City of Chicago*, 2008 WL 1924891 at *4. While subsequent damages may flow from that single, overt act, the statute begins to run despite the continuing nature of the injury. *Id*.

According to Plaintiff's Complaint, Plaintiff was arrested on September 18, 2013. (Dkt # 1, pg. 3). That was the last overt act pleaded in Plaintiff's Complaint that specifically involved the Defendants. Therefore, the statute of limitations on Plaintiff's IIED claim began to run on September 18, 2013. Therefore, Count III should be dismissed as violating the one-year statute of limitations.

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Honorable Court grant their Motion to Dismiss in its entirety.

Respectfully Submitted,

ANITA ALVAREZ
State's Attorney of Cook County

BY: /s/ *Anna G. O'Connor*

Anna G. O'Connor
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
312-603-6665

## **CERTIFICATE OF SERVICE**

I hereby certify that I have caused true and correct copies of the above and foregoing to be served upon Plaintiff via CM/ECF, on this 9th day of November, 2015, which will send notification of such filing to the following CM/ECF participants:

E-Mail: jonathan@lubinlegal.com

E-Mail: dana.pesha@cityofchicago.org

E-Mail: elizabeth.sichi@cityofchicago.org


/s/ *Anna G. O'Connor*_____

Anna G. O'Connor
**One of the Attorneys for Defendants Bailey, Jahn, and Dovin.**
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602
312-603-6665