IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL LIPFORD, | |
| Plaintiff, | |
| v. | 15 CV 6988 |
| CITY OF CHICAGO, G. W. DAILEY (#17280), L. F. GOFF (#11111), B. T. VELETA (#16457), R. E. YATES (#17939), R. B. DEFELICE(#14307), S. P. FLEMING (#3981),M. D. KEY (#8813), J. M. KOSTANSKI (#9056), C. M. BOVASTRO, E. G. VANN Jr. (#277), E. J. KAUP Jr. (#771), other unknown Police officers, BAILEY (#63), JAHN (#754), DOVIN (#872), and any Other John or Jane Does working for the ADULT PROBATION DEPARTMENT OF THE CIRCUIT COURT OF COOK COUNTY, | PLAINTIFF DEMANDS TRIAL BY JURY |
| Defendant. | |

SECOND AMENDED COMPLAINT

Now Comes MICHAEL LIPFORD, by and through his attorneys, LONNY BEN OGUS and JONATHAN LUBIN, and Complains of CITY OF CHICAGO, G. W. DAILEY (#17280), L. F. GOFF (#11111), B. T. VELETA (#16457), R. E. YATES, (#17939), R. B. DEFELICE(#14307), S. P. FLEMING (#3981), BAILEY (#63), JAHN (#754), DOVIN (#872), M. D. KEY (#8813), J. M. KOSTANSKI (#9056), C. M., BOVASTRO, E. G. VANN JR. (#277), and E. J. KAUP JR. (#771), other Unknown Police Officers, and Other John or Jane Does working for the ADULT PROBATION OFFICE OF THE CIRCUIT COURT OF COOK COUNTY, stating:

Introduction

1

1.      This is a civil rights action brought pursuant to 42 U.S.C. § 1983 *et. seq.*, the Judicial Code, 28 U.S.C. §§ 1331 and 1343(a), the Fourth , Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States as incorporated and applied to state governments, Illinois common law of torts, and the Constitution of the State of Illinois.

Jurisdiction and Venue

2.      This Court has jurisdiction over the matters alleged herein under the Constitution and federal law pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1343. It has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because all of the Defendants reside within the Northern District of Illinois, and a substantial portion of the events upon which the claim for liability is based occurred in the Northern District of Illinois.

Parties

4.      MICHAEL LIPFORD is a resident of the City of Chicago, which is within the Northern District of Illinois.

5.      THE CITY OF CHICAGO is a municipal corporation located within the Northern District of Illinois.

6.      G. W. DAILEY (#17280), L. F. GOFF (#11111), B. T. VELETA (#16457), R. E. YATES, (#17939), R. B. DEFELICE(#14307), S. P. FLEMING (#3981), M. D. KEY (#8813), J. M. KOSTANSKI (#9056), C. M., BOVASTRO, E. G. VANN JR. (#277), and E. J. KAUP JR.

(#771), and other unknown police officers (generally, "Police Officers"), are sworn officers or personnel of the Chicago Police Department, who are sued in their individual capacities for actions they took by virtue of their authority as police officers in the City of Chicago, acting within the scope of their employment and under color of law.

7. BAILEY (#63), JAHN (#754), DOVIN (#872) are officers or personnel of the Adult Probation Division who are sued in their individual capacities for actions they took by virtuie of their authority as employees of the Adult Probation Division, acting within the scope of their employment and under color of law.

8. The Adult Probation Department of the Circuit Court of Cook County is a municipal corporation located in the Northern District Illinois.

Facts Common to All Counts

9. On about September 18, 2013, Police Officers and Probation Officers appeared at the home of Michael Lipford in order to investigate the property of Deandre Norfleet, Lipford's roommate. At the time, Norfleet was not home.

10. Lipford admitted the officers into the property but did not consent to a search of his own bedroom, which was separate from Norfleet's bedroom. They did not have a warrant when they came to the property. At the time, the door to Lipford's room was closed.

11. When the officers entered the premises, rather than wait for Norfleet, they began to search the premises, including Lipford's room.

3

12. Despite the fact that Lipford did not give them consent, they entered Lipford's room and found several firearms. At all times, Plaintiff was not in violation of any criminal statute.

13. The officers arrested Plaintiff, despite the fact that he was not in violation of any criminal statue. They also took several hundred dollars of cash from Plaintiff's room.

14. During the arrest, Plaintiff suffered a stroke. Pursuant to a custom and policy of the City of Chicago's Police Department, Plaintiff was checked by unnamed medical professionals. Nobody discovered the stroke.

15. Plaintiff spent three days in police custody, and was charged with four counts of Unauthorized Use of a Weapon.

16. On September 23, 2014, Plaintiff was found not guilty of all charges after a trial by jury.

17. Though he asked for his property back, the City of Chicago did not return the property, and has not returned the property.

18. At no time did Plaintiff give any Defendant probable cause to make an arrest or to charge him with a crime.

19. Plaintiff suffered damages as a result of being arrested without cause, made to await criminal trial for just over a year while worrying about whether he would be found guilty, which would lead to a criminal record and potential incarceration. He also suffered damages inasmuch as his property was taken without cause, and was not returned.

Count I
42 U.S.C. § 1983 – 4th Amendment
As to Individual Defendants

Plaintiff repeats an realleges paragraphs 1-19 as if stated herein in full.

WHEREFORE, Plaintiff demands compensatory damages, jointly and severally, against all of the individual Defendants, punitive damages, plus costs, attorneys' fees, and whatever additional relief this Court deems just and equitable.

Count II
Malicious Prosecution

Plaintiff repeats an realleges paragraphs 1-19 as if stated herein in full.

WHEREFORE, Plaintiff demands compensatory damages, jointly and severally, against all of the Defendants, punitive damages, plus costs, and whatever additional relief this Court deems just and equitable.

Count III
Intentional Infliction of Emotional Distress

Plaintiff repeats an realleges paragraphs 1-19 as if stated herein in full.

WHEREFORE, Plaintiff demands compensatory damages, jointly and severally, against all of the Defendants, plus costs, and whatever additional relief this Court deems just and equitable.

Count IV
Indemnification

Plaintiff repeats an realleges paragraphs 1-19 as if stated herein in full.

20.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

21.     Defendants were an employees of the City of Chicago, or of the County of Cook, and acted within the scope of her employment in committing the misconduct described herein.

Count V
42 U.S.C. § 1983 – 4th Amendment
As to the City of Chicago

Plaintiff repeats and realleges paragraphs 1-19 as if stated herein in full.

22.     On information and belief, the actions of the City of Chicago police officers in this case were pursuant to a custom and policy of illegal and unconstitutional behavior.

23.     Specifically, the City of Chicago has a custom and policy of performing illegal searches on properties occupied by probationers. In this case, the property was partially occupied by a probationer, but Plaintiff is not a probationer, and his room had a lock, indicating that it was not part of the property to which the probationer had immediate access. Plaintiff possessed an expectation of privacy in that room. It was the City's custom and policy that caused the individual Defendants, including the City of Chicago police officers and officers of the Probation Division to conduct a search of Plaintiff's private premises.

24.     To wit, this is not the first lawsuit in recent months that has been brought regarding this illegal behavior. The matter of Orangelo Payne v. County of Cook, 15

CV 3154, currently pending before Hon. Joan B. Gottschall, alleges similar illegal behavior on the part of the Chicago police. In that case, the police are accused of conducting an illegal search into the premises of a probationer, in violation of 42 U.S.C. § 1983.

25. On information and belief, the City of Chicago's custom and policy is to accompany members of the Probation Division, and to perform "security sweeps" of the properties of probationers. These "security sweeps" are actually an excuse to engage in illegal searches of the properties of probationers, including, in this case, the properties of non-probationers living in the same property as a probationer.

WHEREFORE, should any individual Defendants be found liable, said employee's employer, whether Defendant City of Chicago or Defendant County of Cook is liable to pay the Plaintiff any judgment obtained against said Defendant.

PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully Submitted,

s/Lonny Ben Ogus
s/Jonathan Lubin
Attorneys for Plaintiff
203 N. LaSalle St.
Suite 2100
Chicago, Il 60601
(312) 332-7374

CERTIFICATE OF SERVICE

  I, Jonathan Lubin, hereby certify that I caused a copy of this instrument to be served on all parties of record by filing it with the Clerk of the United States District Court for the Northern District of Illinois using its Electronic Filing System, in accordance with the Federal Rules of Civil Procedure, and all local rules, on January 21, 2016.

s/Jonathan Lubin